UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. CR-04-138-LRS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA AND RESETTING SENTENCING HEARING** |
| RAFAEL MARTINEZ, | |
| Defendant. | |

BEFORE THE COURT at the scheduled motion hearing on August 17, 2005 in Spokane, Washington, is Defendant's Motion to Withdraw Guilty Plea Agreement (Ct. Rec. 79), filed on August 3, 2005.

Defendant entered a plea of guilty on March 4, 2005, after signing a Rule 11(c)(1)(C) plea agreement. Defendant then orally raised a motion to withdraw his guilty plea at the scheduled sentencing hearing on July 12, 2005. Defendant argues that he has met his burden of showing a "fair and just reason" for requesting the withdrawal of his guilty plea. Defendant's reasons consist of his uncertainty as to whether the plea agreement he entered into on March 4, 2005 was the right decision for him. Ct. Rec. 82, ¶7.

///

///

ORDER ~ 1

Additionally, the Defendant suggested for the first time in open court, that he thought defense counsel may have been ineffective, i.e, in not filing any motions on his behalf.

The government opposes the motion stating that Defendant has failed to meet his burden of showing a "fair and just reason" for requesting the withdrawal of his guilty plea. The government additionally noted that current and prior counsel had significant involvement in this case on Defendant's behalf.

Counsel "is strongly presumed to have rendered effective assistance." *Strickland v. Washington*, 466 U.S. 688, 690 (1984). The Court finds no indication in the court records suggesting that defense counsel has failed to effectively represent the Defendant during the course of this case. The plea agreement also reflects that substantial negotiations occurred between the government and counsel for Defendant in arriving at a final agreement.

The Court finds that Defendant has failed to meet the burden of showing a "fair and just" reason in support of his motion to withdraw his guilty plea. The Court finds that Defendant has long delayed his withdrawal motion and has had the full benefit of counsel at all times, and that the reasons given to support his withdrawal require considerably more force than those presented at this hearing. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendant's Motion to Withdraw Guilty Plea Agreement, Ct. Rec. 79, filed on August 3, 2005, is **DENIED**.

2. The **sentencing** is **RESET** to **September 8, 2005 at 4:30 p.m. in Spokane,** Washington.

ORDER ~ 2

1 | **IT IS SO ORDERED.** The District Court Executive is directed to enter
2 | this order and to provide copies to all counsel, the U.S. Probation
3 | Office, the U.S. Marshal, and the Jury Administrator.
4 | **DATED** this 18th day of August, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
United States District Judge

ORDER ~ 3