UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  CR-04-0138-LRS |
| Respondent, | ) | (CV-07-0300-LRS) |
| | ) | |
| -vs- | ) | ORDER DENYING 28 U.S.C. |
| | ) | §2255 MOTION |
| RAFAEL MARTINEZ, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed September 21, 2007 (Ct. Rec. 138, CR-04-0138-LRS, Ct. Rec. 1, CV-07-0300-LRS).  The Motion is submitted by Rafael Martinez, who is appearing *pro se* for the purpose of these proceedings.  Mr. Martinez filed a motion for appointment of counsel, which was denied on March 28, 2007 (Ct. Rec. 134).  Mr. Martinez filed a motion for reconsideration of the order denying appointment of counsel, which was also denied on July 11, 2007 (Ct. Rec. 137).

## I. BACKGROUND

Mr. Rafael Martinez was indicted on July 8, 2004 for Conspiracy to Distribute 50 Grams or More of Actual Methamphetamine, specifically 56.1 grams in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §846;

ORDER - 1

and Distribution of 50 Grams or More of Actual Methamphetamine, specifically 56.1 grams, in violation of 21 U.S.C. §841(a)(1).  Mr. Martinez pled guilty to Count Two of the Indictment on March 4, 2005, with a written Rule 11(c)(1)(C)) plea agreement.  On August 3, 2005, counsel for Mr. Martinez filed a motion to withdraw plea of guilty. Ct. Rec. 79.  A hearing was held on August 17, 2005 and Martinez's motion to withdraw guilty plea was denied and sentencing was re-set. On September 7, 2005, Mr. Martinez was sentenced to a 180-month term of imprisonment with five years supervised release; and a special assessment of $100.  Mr. Martinez filed a direct appeal of his judgment and sentence on September 15, 2005.  On October 30, 2005 Lana Cece Glenn was appointed to represent Mr. Martinez.  The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the District Court on October 30, 2006.  Ct. Rec. 131.  Mr. Martinez contends that his sentence is unconstitutional based on essentially one ground:  ineffective assistance of counsel.  Ct. Rec. 138, at 5.

## II. DISCUSSION

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right
> to be released upon the ground that the sentence
> was imposed in violation of the Constitution or
> laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or
> that the sentence was in excess of the maximum
> authorized by law, or is otherwise subject to
> collateral attack, may move the court which
> imposed the sentence to vacate, set aside or
> correct the sentence.

ORDER - 2

A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866 (1981) (internal quotations, citations and footnote omitted).

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief.  *Smith v. Singletary*, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); *Cave v. Singletary*, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  *Smith*, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel").  No evidentiary proceedings are required in this Court.  *High v. Head*, 209 F.3d 1257,

ORDER – 3

1263 (11th Cir. 2000) (citing *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)), *cert. denied*, 532 U.S. 909, 121 S.Ct. 1237, 149 L.Ed.2d 145 (2001).

Further, the statute provides that only if the motion, file, and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response.  28 U.S.C. § 2255.  The Rules regarding § 2255 proceedings similarly state that the Court may summarily order dismissal of a § 2255 motion without service upon the United States Attorney only "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS.  Thus, when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion.  *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States,* 772 F.2d 525, 526 (9th Cir. 1985).

A.  **GROUNDS ONE, TWO and THREE-INEFFECTIVE ASSISTANCE OF COUNSEL**

Mr. Martinez alleges that his attorney Chris Bugbee deprived him of his constitutional right to effective assistance of counsel, particularly during the plea stage and sentencing.  In support of his ineffective counsel claim, Mr. Martinez alleges three grounds:

///

ORDER - 4

1)  "Attorney Chris A. Bugbee never bothered to discuss the case against me thoroughly.  The Plea and the Consequences."

2)  "Attorney Bugbee only threaten [sic] me that I had no other choice, or I would face a 20 year sentence."

3)  "Denial of effective assistance of Counsel."
Ct. Rec. 138, at 5.

Specifically, Mr. Martinez supports his allegations with the following supporting facts:  "I was not denying that I was Guilty, I just thought that Defense counsel could do more for me.  My State case could have been argued that it did not qualify to be used to be used [sic] as a prior against me.  He did not want to listen to me, he kept insisting for me to take the plea or get 20 years."  Ct. Rec. 138, at 5.  Petitioner further states: "He [his attorney] sent his associate to see me and in court he stated that he did send his associate, but that he never got to discuss the matter even with him, when was he going to ever discuss it with me?  Attorney Bugbee was not thorough with his defense.  He did not spend enough time with me discussiong [sic] the case."  Finally Martinez states: "There were no arguments to the PSI report.  I was given points for a misdemeanor.  During sentencing attorney did imply that I really didn't know what I was doing when I entered my plea.  He stated that I really did not know what I was doing."

Petitioner additionally attached a letter to motion in support of ground 3, which explains that Petitioner believes he was sentenced

ORDER - 5

"for being [m]erely an interpreter."  Ct. Rec. 138, unnumbered attachment.

     After a careful review of the transcripts and file, the Court rejects Mr. Martinez's arguments, and concludes that defense counsel's performance was not deficient.  There is no showing that counsel's efforts were not those of a reasonably competent practitioner. He points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  Likewise there is abundant evidence that counsel talked at length with Martinez before and after entering his plea of guilty.  There is also evidence that Martinez understood what the plea entailed and what counsel's recommendation would entail.  The following colloquy occurred at the hearing on Change of Plea before the Honorable Fred Van Sickle:

THE COURT:       All right.  Have you had the opportunity to fully
                 discuss the charges against you in this case, and more
                 particularly focusing today on the allegations
                 involving Count 2, distribution of 50 grams or more of
                 actual methamphetamine, have you had a chance to review
                 the allegations in Count 2 and all the circumstances
                 and information surrounding that count with your
                 attorney, Mr. Bugbee?

DEFENDANT:       Yes, I have.

THE COURT:       And have you had adequate time to do that?

DEFENDANT:       Yes.

THE COURT:       Are you satisfied with your attorney?

DEFENDANT:       Yes, I am.

ORDER - 6

| | | |
|---|---|---|
| 1 | THE COURT: | Are you satisfied with the advice that you have been provided? |
| 2 | | |
| 3 | DEFENDANT: | Yes. |
| 4 | THE COURT: | This plea agreement is somewhat different than others because of the particular provision that it relates to under the law and it is under the Rules of Criminal Procedure. Let me explain what I mean. This plea agreement provides that the United States will join with you in recommending a term of imprisonment of 180 months if you comply with the provisions of this plea agreement and that no other promises of any other type have been made to you concerning what sentence the court will impose, do you understand that? |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | DEFENDANT: | Yes. |
| 10 | | |
| 11 | THE COURT: | Now, the agreement provides that this plea becomes binding on the court under the law and if the court accepts the plea agreement, and that should your sentence turn out to be less than 180 months, the government would have the option of withdrawing from this plea agreement and going forward with proceedings against you, do you understand that? |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | DEFENDANT: | Yes, I do, Your Honor. |

16  Reporter's Transcript, Ct. Rec. 114, at pp. 7-8.

17      As to Martinez's statement that his attorney "threatened" him

18  into taking a plea of guilty, the transcript from the change of plea

19  hearing reveals a different story:

| | | |
|---|---|---|
| 20 | THE COURT: | Mr. Martinez, has anyone threatened to harm you or harm someone in your family or a close friend to force or coerce or make you in any way plead guilty to any crime? |
| 21 | | |
| 22 | | |
| 23 | DEFENDANT: | No, Your Honor. |
| 24 | THE COURT: | Whatever plea you choose to make today or enter, Mr. Martinez, to the allegations in Count 2, whose decision will it be to enter that plea? |
| 25 | | |
| 26 | DEFENDANT: | My own, Your Honor. |

ORDER - 7

```
THE COURT:        And what is your plea then, Mr. Martinez, to the charge
                  in Count 2 of distribution of 50 grams or more of
                  actual methamphetamine, is that plea not guilty or
                  guilty, sir?

DEFENDANT:        Guilty.

THE COURT:        Mr. Bugbee, is this a knowing, intelligent and
                  voluntary plea?

MR. BUGBEE:       Yes, Your Honor, I believe it is.
```

Ct. Rec. 114, Transcript of Hearing, at p. 26.

During the course of the change of plea hearing, Martinez was asked on numerous occasions if he understood what was taking place and being discussed.  The judge explained the entire plea agreement to him and asked if he understood it along the way.  The response was always in the affirmative, Ct. Rec. 114.

As to Martinez's ground that his attorney implies at sentencing that he did not know what he was doing in entering his plea, Attorney Bugbee submitted a "Supplemental Affidavit to Defendant's Motion to Withdraw Guilty Plea," Ct. Rec. 82, clarifying that Martinez plea was knowing and voluntary:

> 4.   I reviewed the motion and memorandum today.  On
>      page 4 of the memorandum I wrote, "[i]t was clear
>      to defense counsel at the time Mr. Martinez
>      entered his plea that he was uncertain and
>      confused."
>
> 5.   The above language suggests that I thought that
>      Mr. Martinez's plea was not knowing in the sense
>      that he did not know what he was doing.
>      Additionally, it could be read to infer that his
>      plea was involuntary.  I did not intend either of
>      these interpretations.

///

ORDER - 8

6.    At the time that Mr. Martinez entered his plea
there was no question in my mind that he knew what
he was doing and fully appreciated the
consequences of entering his plea.  He understood
the significance of a Rule 11(c)(1)(C) plea
generally and as it would be specifically applied
to his case.

7.    What I meant by the language set out on page 4 of
the memorandum was that he appeared to be scared
and uncertain of whether agreeing to a
recommendation of 15 years was the best decision
for him.  I know that he was still debating in his
own mind whether he wanted to fight the
allegations and risk the imposition of a 20-year
minimum mandatory sentence.

Ct. Rec. 82, ¶¶ 4-7.

At the hearing in Defendant's Motion to Withdraw Guilty Plea,

defense counsel explained to the Court that Martinez fully understood

the plea and its consequences after counsel talked at length with him:

MR. BUGBEE:    May it please the Court and Counsel: Your Honor, I
filed my motion and my supplemental affidavit. I did
recognize, after rereading the motion, it did kind of
imply that Mr. Martinez really didn't know what he was
doing when he entered his plea; and that was not the
case. There's no question in my mind that he understood
what the plea entailed and what the recommendation
would entail. And I've had an opportunity since he
entered that plea, and then as we approached the
original sentencing date, and again, since then, to
talk at length with Mr. Martinez. He understands what
that plea entails, and he certainly understands that
we're both constrained to request 15 years but that the
Court has the ability to sentence Mr. Martinez to
whatever it so chooses.  And Mr. Martinez does
recognize that if the Court imposes a sentence of less
than 15 years, the result is going to be pretty much
what he's asking the Court to do by his motion; and
that is that -- one of two things -- either the
government can go ahead and accept whatever the Court
imposes, or the government could withdraw from this
plea on its own, which would place Mr. Martinez in the
position that he's asking the Court to put him in now.

ORDER - 9

> And then, vice versa, he also understands that the
> Court could impose more time on him. And he's well
> aware of the fact that if the Court did impose more
> than 15 years, he could at that time, by the wording of
> the plea agreement, withdraw from the plea. So he
> recognizes that.

Reporter's Transcript, Ct. 111 at pp. 4-5.

In summary, reviewing the transcripts and other papers filed in this case, the Court appreciates that the Defendant was in a difficult position with a difficult decision to make. However, his circumstances did not amount to a constitutional violation of his 6th Amendment right.

In addressing the issue of ineffective assistance of counsel, the Court is guided by the now-familiar construct of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which the petitioner acknowledges is the relevant standard. As required by that analytical framework:

> First, the defendant must show that counsel's
> performance was deficient. This requires showing
> that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed
> the defendant by the Sixth Amendment. Second, the
> defendant must show that the deficient performance
> prejudiced the defense. This requires showing that
> counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is
> reliable.

Id. at 687.

Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46

ORDER - 10

F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13

F.3d 384, 386 (11th Cir. 1994)).

In *Groseclose v. Bell*, 130 F.3d 1161, 1167 (6th Cir. 1997),

discussing the first prong of the *Strickland* analysis, the Sixth

Circuit recognized:

> The [Supreme] Court cautioned that in undertaking
> an ineffective-assistance review, "[j]udicial
> scrutiny of counsel's performance must be highly
> deferential," and must avoid the "second-guess[ing
> of] counsel's assistance ..., [as] it is all too
> easy for a court, examining counsel's defense
> after it has proved unsuccessful, to conclude that
> a particular act or omission of counsel was
> unreasonable." *Strickland*, 466 U.S. at 689.  In
> order to avoid "the distorting effects of
> hindsight," a reviewing "court must indulge a
> strong presumption that counsel's conduct falls
> within the wide range of reasonable professional
> assistance; that is, the defendant must overcome
> the presumption that . . . the challenged action
> 'might be considered sound trial strategy.' ' *Id*.
> (citation omitted).

Furthermore, in evaluating the prejudice suffered by a petitioner

as a result of alleged ineffective assistance of counsel, "[i]t is not

enough for the defendant to show that the errors had some conceivable

effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693.

Indeed, "[v]irtually every act or omission of counsel would meet that

test, and not every error that conceivably could have influenced the

outcome undermines the reliability of the result of the proceeding."

Id. (citation omitted).  Rather, the petitioner "must show that there

is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different.  A

reasonable probability is a probability sufficient to undermine

confidence in the outcome." *Id*. at 694.

Finally, in conducting this inquiry, we need not apply

*Strickland*'s principles in a mechanical fashion. As the Supreme

Court explained:

> [A] court need not determine whether counsel's
> performance was deficient before examining the
> prejudice suffered by the defendant as a result of
> the alleged deficiencies. The object of an
> ineffectiveness claim is not to grade counsel's
> performance. If it is easier to dispose of an
> ineffectiveness claim on the ground of lack of
> sufficient prejudice, which we expect will often
> be so, that course should be followed.

*Id*. at 697.

The Court begins its review by either determining whether

counsel's performance was deficient, or by determining any possible

prejudice suffered by Mr. Martinez. In either event, the result in

this case is identical.

Further, at the change of plea hearing, Mr. Martinez indicated

that Mr. Bugbee had explained the plea agreement to him and he

understood the agreement, which undermines his claim that he was

threatened into accepting only one choice: a guilty plea. Mr.

Martinez also confirmed his satisfaction with his attorney's

representation.

In fact, it appears that Mr. Martinez was fully satisfied with

the services from Mr. Bugbee. The record additionally contains no

evidence that Mr. Martinez's attorney breached his ethical duty or

ORDER - 12

other duties in representing the Petitioner.  Mr. Martinez also had
every opportunity to speak directly to the Court as to matters that he
wanted taken into account in withdrawing his plea and in sentencing.
Reporter's Transcript, Ct. Rec. 111, at 6; Ct. Rec. 89.

    Finally, there is no indication that Mr. Martinez was prejudiced,
i.e., that he would have received a lesser sentence than 180 months,
the sentence he received was below the 20 year minimum which he would
in all likelihood have faced if he went to trial and were found
guilty.  Even assuming arguendo deficient performance by defense
counsel, Petitioner has not shown prejudice. Under the prejudice prong
of the inquiry, Petitioner "must affirmatively prove prejudice by
showing that counsel's errors actually had an adverse effect on the
defense." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th
Cir.2003).  This showing requires "more than some conceivable effect
on the outcome of the proceeding." *Id.*  Here, Petitioner has not shown
that a reasonable probability exists that the outcome of the case
would have been different if his attorney had given the assistance
that Petitioner has alleged he should have provided. This
ineffectiveness claim is without merit.  The Court finds that the
Petitioner has not provided any evidence to convince this Court that
his constitutional rights were violated.

    The Petitioner is not entitled to an evidentiary hearing on the
motion to vacate his sentence under 28 U.S.C. § 2255.  Additionally,
///

ORDER - 13

the Court summarily dismisses the Motion without sending it to the

United States Attorney for response.  Accordingly,

    **IT IS ORDERED** that:

    1.  Mr. Martinez's Motion to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody, filed September 21, 2007 **(Ct.**

**Rec. 138**, CR-04-0138-LRS; **Ct. Rec. 1**, CV-07-0300-LRS) is **DENIED**.

    2.  The District Court Executive is directed to:

        (a)  File this Order;

        (b)  Provide a copy to Petitioner **AND TO** the United States

Attorney, Spokane, Washington; and

        (c)  **CLOSE THESE FILES**.

    **DATED** this 25th day of October, 2007.

                  ***s/Lonny R. Suko***

                  _____

                    LONNY R. SUKO
             UNITED STATES DISTRICT JUDGE